## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2017, 5:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Christopher R. Blackburn
David A. Singleton
Blackburn & Green
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

J. Blake Hike
Michael C. Ross
Carson Boxberger LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimberly Flueckiger and Mark Flueckiger, *Appellants-Petitioners,* v. Maurice Englehardt, The City of Bluffton, and Indiana Department of Transportation d/b/a INDOT, *Appellees-Respondents.* | December 22, 2017 Court of Appeals Case No. 90A02-1707-CT-1520 Appeal from the Wells Circuit Court The Honorable Kenton W. Kiracofe, Judge Trial Court Cause No. 90C01-1507-CT-10 |

**Robb, Judge.**

# Case Summary and Issue

[1] Kimberly and Mark Flueckiger (the "Flueckigers") appeal the trial court's entry of summary judgment in favor of the City of Bluffton. The Flueckigers raise one issue for our review: whether the trial court erred in entering summary judgment in favor of the City of Bluffton. Concluding the trial court did not err, we affirm.

# Facts and Procedural History

[2] Indiana State Road 1 is a thoroughfare that passes through Bluffton, Indiana. In Bluffton, State Road 1 has three lanes, a northbound lane, a southbound lane, and a center lane. The northbound and southbound lanes are eleven feet wide and the center lane is thirteen feet wide. As the road progresses through Bluffton, it intersects with Townley Street, which travels east and west. Near this intersection, the City of Bluffton placed a two and one-half foot wide triangular "A-Frame" sign ("Sign") to warn drivers of a sinkhole that developed near a street drain. The City of Bluffton placed the Sign in the northbound lane and against the curb to alert drivers to navigate around the sinkhole.

[3] On June 17, 2014, a warm and sunny day, Maurice Englehardt traveled north on State Road 1 into Bluffton. Englehardt had driven on State Road 1 on prior occasions, and, on this occasion observed the Sign as he approached from two blocks away. Englehardt testified the Sign was located in the middle of the northbound lane on this occasion. There was no traffic in front of Englehardt

and he was traveling approximately 25 miles per hour as he approached the Sign. Despite his prior knowledge of the Sign, Englehardt diverted his eyes from the road when he was about fifty feet away from the Sign in order to reposition a towel he was sitting on. As he looked back up at the road, he simultaneously began to merge into the center lane of State Road 1 to bypass the Sign and reached down with his right hand to reposition the towel. Then, for reasons he cannot recall, Englehardt's vehicle entered into the southbound lane and struck Kimberly Flueckiger's vehicle.

[4] On July 17, 2015, the Flueckigers filed a complaint against Englehardt and the City of Bluffton alleging their negligence caused the accident and the Flueckigers' subsequent injuries. On February 3, 2017, the City of Bluffton filed its motion for summary judgment; the Flueckigers' responded with their motion in opposition on May 1, 2017. On June 13, 2017, the trial court entered summary judgment in favor of the City of Bluffton determining the City of Bluffton's placement of the Sign did not proximately cause the accident. The Flueckigers' now appeal. Additional facts will be added as necessary.

# Discussion and Decision

[5] Our standard of review for an appeal from a motion for summary judgment is well-settled:

> When reviewing a grant or denial of a motion for summary judgment our well-settled standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a

matter of law. The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law.

*Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016) (internal quotations omitted).

[6] In order to recover under a theory of negligence, a party is required to establish the following: 1) the defendant owed the plaintiffs a duty of care; 2) the defendant breached that duty by failing to conform his conduct to the requisite standard of care; and 3) the breach was the proximate cause of the plaintiffs' injuries. *Id*. The Flueckigers' theory is the City of Bluffton was negligent in its placement of the Sign, and that negligence proximately caused their injuries.

[7] An act is the proximate cause of another's injury when the injury is a natural and probable consequence of a negligent act which, in the totality of the circumstances, could have been reasonably foreseen or anticipated. *Straley v. Kimberly*, 687 N.E.2d 360, 364 (Ind. Ct. App. 1997), *trans. denied*. To be considered the proximate cause of another's injury, "the negligent act must have set in motion a chain of circumstances which in natural and continuous

sequence lead to the resulting injury." *Id.* But, the intervention of an independent, superseding negligent act will relieve the original negligent actor of legal liability if that act could not have been reasonably foreseen. *Id.* Although the issue of proximate cause is often determined by the trier of fact, where it is clear the injury was not foreseeable under the circumstances and that imposing liability upon the original negligent actor would not be justified, the determination of proximate cause may be made as a matter of law. *Carter v. Indianapolis Power & Light Co.*, 837 N.E.2d 509, 521 (Ind. Ct. App. 2005), *trans. denied*.

[8] In support of their argument that the placement of the Sign was the proximate cause of their injuries, the Flueckigers contend it was foreseeable Englehardt would swerve to avoid an object placed in the roadway by the City of Bluffton, lose control of his car, and crash into another motorist. However, the Flueckigers' analysis ignores the pertinent facts of this specific case. *See Goldsberry v. Grubbs*, 672 N.E.2d 475, 479 (Ind. App. 1996) (noting the analysis of the foreseeability element of proximate cause focuses on the facts of the actual occurrence), *trans. denied*. The facts most favorable to the Flueckigers reveal that June 17, 2014, was a sunny and warm day with no hostile driving conditions to confront. State Road 1 is a three-lane road consisting of a northbound lane, a southbound lane, and a center lane. As Englehardt approached the intersection of State Road 1 and Townley Street, he observed the Sign from about two blocks away. Englehardt was also familiar with the Sign, having passed it before. However, he testified it was in the middle of the

lane that day, rather than adjacent to the curb as it had been before. Englehardt had no traffic in front of him and was traveling about 25 miles per hour. As he approached the Sign, he diverted his eyes from the road to reposition a towel he was sitting on. At the same time, he began to merge to the center lane to bypass the Sign. He was about fifty feet away from the Sign when he began to merge. Englehardt cannot recall what happened next, but his car collided with Flueckiger's car which was traveling in the southbound lane of State Road 1.

[9]    No matter which set of facts regarding the placement of the Sign is accurate, the Flueckigers' injuries are not a foreseeable consequence of the City of Bluffton's actions. Englehardt could have safety maneuvered around the Sign by using the center lane and avoided the collision by exercising reasonable care. Thus, bypassing the Sign did not require entry into the southbound lane. The City of Bluffton was not bound to anticipate a motorist, with prior knowledge of the Sign, would observe the Sign from two blocks away and disregard the danger it posed by attempting to reposition a towel while simultaneously merging into the center lane, lose control of his vehicle, and crash into a motorist in the southbound lane. The City of Bluffton's placement of the Sign did not proximately cause the Flueckigers' injuries.

[10]   Because the undisputed facts fail to demonstrate the City of Bluffton proximately cause the Flueckigers' injuries, we affirm the trial court's entry of summary judgment in favor of the City of Bluffton.

# Conclusion

We conclude the trial court did not err in granting the City of Bluffton's motion for summary judgment. Accordingly, we affirm.

Affirmed.

Riley, J., and Pyle, J., concur.